## WALTER M. HOLLERAN v. WESTERN OIL & FUEL COMPANY.[1]

December 16, 1932.

No. 29,184.

*Clyde F. Bort*, for appellant.
*William M. Nash* and *Chester L. Nichols*, for respondent.

WILSON, C. J.

Plaintiff appealed from a judgment. He sued to recover commissions claimed to have been earned as a salesman for defendant. It is admitted that the contract of employment called for a salary of $250 per month and 50 per cent of the net profits of the oil division of defendant's business wherein plaintiff was employed. The salary has been paid. Under the pleadings the sole issue was whether there were any net profits.

[1]Reported in 246 N. W. 23.

The case was on trial for two days. Plaintiff met difficulties in making his proof. He was in need of an audit of defendant's books. This had not been included in his preparation for trial. Defendant tendered plaintiff the use of its audit made by Ernst & Ernst. Plaintiff wanted an audit by one of his own selection. Plaintiff's motion to dismiss without prejudice was denied. The court informed plaintiff that he might have a continuance so that he could have an audit made. The matter was continued from September 30 to October 12, and the court informed the plaintiff's counsel that if the audit could not be ready by that time he might have another week. Defendant's counsel consented to an amendment to the complaint raising or lowering the amount claimed as the audit might require.

On October 13 plaintiff's counsel again moved for a dismissal without prejudice. The motion was denied, and the court said:

"The court feels that in the interest of justice the plaintiff should prove up his case and submit the issue for determination.

"The court is perfectly willing to give the plaintiff such reasonable time as is necessary to secure his evidence and present it to the court, and if more than two weeks is necessary for that purpose, the court is willing to grant the plaintiff that extension of time.

"As it appears to the court at this time, the only issues for the court to determine are whether or not there were any net profits upon which to base plaintiff's contention, and this can be determined by an audit which plaintiff has made since the case was continued on September 30, 1931. If the plaintiff thinks that this audit is necessary to amend his complaint, the court is willing to grant plaintiff that right, and to go on with the trial at such time as is reasonable from this date, plaintiff to properly prepare his case on the present complaint, or amended complaint, if he finds it necessary."

The case was adjourned to December 14, and on that date plaintiff did not appear, but defendant's motion to continue to January 11, 1932, was granted. On the last mentioned date the attorneys

for the respective parties appeared and plaintiff again moved for dismissal. It was not granted, but the cause was again continued until January 25, 1932, at which time, plaintiff not appearing, defendant proved its claim of no net profits in the oil division, and findings were made and judgment was entered on the merits in favor of defendant.

G. S. 1923 (2 Mason, 1927) § 9322, relates to the dismissal of actions and provides that an action may be dismissed by the plaintiff at any time before the trial begins if a provisional remedy has not been allowed or a counterclaim made or other affirmative relief demanded in the answer. But this provision is not applicable to this case, wherein the trial progressed two days. The right of the plaintiff to have an action dismissed after a trial has been commenced rests in the discretion of the court. Lando v. C. St. P. M. & O. Ry. Co. 81 Minn. 279, 83 N. W. 1089. Subd. 3 of said § 9322 provides that the action may be dismissed "by the court where, upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his cause of action or right to recover." This statute permits a dismissal without a final determination of the merits, but it does not require a dismissal. Swanson v. Alworth, 168 Minn. 84, 209 N. W. 907.

The case was on trial. Plaintiff sought a dismissal without prejudice. The court in its discretion denied the motion so to dismiss. The case proceeded to trial. Plaintiff did not further participate. The defendant submitted its proof upon the sole issue in the case. The court made findings of fact, and judgment was entered as above indicated.

Plaintiff saw fit to rely upon his efforts to dismiss the case without prejudice. The application was at the discretion of the court. It is impossible to see how plaintiff could have been prejudiced had he availed himself of the opportunities offered by the court and opposing counsel. Under such circumstances it was not at all necessary for plaintiff to have a dismissal. The defendant had prepared for trial and was opposed to the delay incident to a dismissal and the commencement of another action. The record does

not show any real reason for the delay incident to a dismissal. In Hennepin county it would have been months before a newly commenced action would have been reached for trial in the ordinary course of events. Plaintiff apparently recognized this; but he was persistent in his failure to accept the privileges tendered, and he suggested that the new action could be advanced by the court. His suggestion did not warrant his demands. The court afforded him all the protection to which he was entitled, and the ruling was free from abuse of discretion and indeed was without error.

Affirmed.